IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RHONDA R. DONEY,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CV-14-01-GF-BMM-RKS<br><br>**FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |

**I. Synopsis**

Rhonda Doney seeks disability benefits under the Social Security Act. An Administrative Law Judge determined she is capable of performing her prior work as a teacher, despite severe impairments, and therefore is not entitled to benefits. That determination is supported by substantial evidence and not based on legal error. It should be affirmed.

## II. Jurisdiction

The District Court has jurisdiction under 42 U.S.C. § 405(g). This case is assigned to United States District Judge Brian Morris and referred to the undersigned to submit findings and recommendations on dispositive motions. Doc. 12. Venue in the Great Falls Division of the District of Montana is proper because Ms. Doney resides in Blaine County, Montana. 28 U.S.C. §1391(e); Local Rule 1.2(c)(3).

## III. Status

Ms. Doney applied for disability benefits in November 2010, alleging that she had been disabled since September 2009. Tr. 147-148. The Social Security Administration denied her claim. Tr. 99-101. Ms. Doney requested reconsideration. Tr. 102. The Social Security Administration had a physician and disability examiner review her claim, and affirmed denial of the claim. Tr. 104.

Ms. Doney requested a hearing with an Administrative Law Judge (ALJ). Tr. 109-110. That hearing was conducted in July 2012, and Ms. Doney was present with counsel. Tr. 28-73. In its August 2012 decision, the ALJ determined Ms. Doney did not qualify for benefits. Tr. 13-23. Ms. Doney asked the Social Security Administration Appeals Council to review the decision. Tr. 9. The Council denied that request, making the ALJ's decision the final decision of the

Commissioner of Social Security. Tr. 3-5.

Ms. Doney sought judicial review via this action. Doc. 3. The parties have filed cross motions for summary judgment. Docs. 13, 16. The motions are fully briefed. Docs. 14, 15, 17, 18.

## IV. STANDARDS

**Court's role**

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986). The Court may reject the findings not supported by the record, but it may not substitute its findings for those of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

**Disability criteria**

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

To determine if a claimant is disabled, the Commissioner follows a five-step evaluation process. *Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process ends. *Id.* at 946. At step one, the claimant must show she is not currently engaged in substantial gainful activity. *Id.* At step two, the claimant must demonstrate that she has a severe impairment. *Id.* At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four

provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. *Id.* If that case is made, at step five the burden shifts to the Commissioner to prove the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience, and residual functional capacity. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

### V. Facts

**ALJ's determination**

At step one, the ALJ determined that Ms. Doney has not engaged in substantial gainful activity since her alleged disability onset date.

At step two, the ALJ found that Ms. Doney has two severe impairments: degenerative joint changes of the right knee and degenerative disc disease of the low back.

At step three, the ALJ found that Ms. Doney's impairments do not establish a disability under the Listing of Impairments.

At step four, the ALJ determined that Ms. Doney has the residual functional capacity to perform her past relevant work as a teacher. The ALJ therefore concluded that Ms. Doney was not disabled, and did not proceed to step five.

Tr. 15-23.

**Plaintiff's position**

Ms. Doney argues the ALJ's decision should be reversed or the case remanded because the decision is based on a host of legal errors. Specifically, she argues:

1. The ALJ discounted a portion of Ms. Doney's testimony without adequate explanation;

2. The ALJ discounted or ignored the findings and opinions of Dr. Gregory Tierney without adequate explanation;

3. The ALJ discounted or ignored the findings and opinions of therapist Deb Ammondson without adequate explanation;

4. The ALJ failed to include limitations described by Dr. Mark Stoebe in a hypothetical posed to the vocational consultant;

5. The ALJ erred in finding that Ms. Doney can perform light work;

6. The ALJ insufficiently developed the record regarding Ms. Doney's ability to perform past work;

7. The ALJ generally ignored medical and lay opinions without adequate explanation;

8. The ALJ failed to consider anxiety as a severe impairment;

9. The ALJ erred at Step 3 by finding that Ms. Doney's impairments did not satisfy the Listing of Impairments.

Doc. 14 at 16-18.

**VI. Analysis**

**A. The ALJ provided adequate reasons to discount a portion of Ms. Doney's testimony.**

The ALJ found Ms. Doney's allegations "partially credible," but said that "the degree to which [Ms. Doney] alleges her restrictions [is] excessive and not supported by the record." Tr. 22.

Ms. Doney argues that the ALJ "erred in finding Rhonda's testimony relative to her limitations not credible without an analysis required under 20 C.F.R. § 404.1529(c)(3)." Doc. 14 at 31. That regulation provides:

> . . . symptom-related functional limitations and restrictions which you, your treating or nontreating source, or other persons report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account . . .

20 C.F.R. § 404.1529(c)(3).

The ALJ did take into account the limitations that he accepted as consistent with other evidence and specifically referenced 20 CFR § 404.1529. Tr. 17. The ALJ sufficiently[1] explained why he considered Ms. Doney's testimony non-

---

[1]There is some confusion as to the Ninth Circuit's standard for reviewing an ALJ's claimant-credibility determination. In *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc), the court held that the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds." *Bunnell*, 947 F.2d at 345-46. Subsequently, some Ninth Circuit panels have applied a higher standard, requiring the ALJ to provide "clear and convincing" reasons to reject a claimant's testimony. See e.g. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). *Bunnell*, however, has not been overturned. See *United States v. Camper*, 66 F.3d 229, 232 (9th Cir. 1995) (only a court sitting en banc can overturn en banc precedent); see also *Ballard v. Apfel*, 2000 WL 1899797, *n. 1 (C.D. Cal. 2000) (while some Ninth Circuit panels have stated that the ALJ must provide clear and convincing reasons to find claimant's testimony

credible with respect to the extent of her limitations. He stated that the testimony was inconsistent with her conservative medical treatment, including a lack of surgery on her knee, inconsistent with her daily activities, and not supported by the medical record. Tr. 22. The ALJ's credibility determination regarding Ms. Doney was not legal error.

### B. The ALJ adequately considered the records and weighed the credibility of Dr. Tierney.

Ms. Doney argues the ALJ failed to adequately explain why he did not accept Dr. Tierney's opinions and medical findings. Ms. Doney recaps Dr. Tierney's medical reports at length. Docs. 14 at 20-21; 15. However, she only provides one specific statement that she alleges the ALJ ignored. That statement was Dr. Tierney's progress report from May 12, 2010, which reads in its entirety:

> Rhonda returns for followup for her right patella fracture. I have not seen her for a protracted period of time. She is eight months out now. She says it still hurts her when she stands. It still hurts if she tries to bend. I think at this point she just needs a functional capacity evaluation to see what she what she will be able to do and not do. Then we can rate her out and move her into either an accommodated job or retraining.

Doc. 14 at 24, Tr. 253.

As a general rule, the opinions of treating doctors should be given more weight than the opinions of doctors who do not treat the claimant. *Lester v.*

---

not credible, this is an unwarranted elaboration of the en banc holding in *Bunnell*). Here, either standard is satisfied.

*Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. *Id*.

Here, the ALJ considered Dr. Tierney's findings. Tr. 18, 20-21. The ALJ recognized in the residual functional capacity that Ms. Doney has limitations in her abilities to bend her knee and stand for prolonged periods. Tr. 17 (limiting Ms. Doney to six hours of standing or walking per workday, and only occasional climbing, kneeling, crouching, and crawling).

The ALJ's analysis and determination do not contradict Dr. Tierney's note that Ms. Doney's future work abilities depended on an assessment of her functional capacity. Indeed, the ALJ's entire job was to perform an assessment of Ms. Doney's functional capacity. He did so, and determined that, while she does have limitations, she is able to work as a teacher. The ALJ did not fail to consider or improperly discredit Dr. Tierney's findings and opinions.

### C. The ALJ provided a sufficient explanation for giving the findings and opinions of therapist Deb Ammondson little weight.

Ms. Doney argues the ALJ failed to provide a proper basis for rejecting the opinions of therapist Deb Ammondson. Doc. 14 at 4, 6, 21, 26. Specifically, Ms. Doney argues the ALJ ignored Ms. Ammondson's findings regarding how many

pounds Ms. Doney can lift. Doc. 14 at 21.

In the Ninth Circuit, "competent lay witness testimony *cannot* be disregarded without comment." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (internal quotation marks omitted; emphasis in original) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). An ALJ must give reasons that are germane to a lay witness to discount the witness's testimony. *Molina*, 674 F.3d at 1114 (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Inconsistency with the medical evidence is a germane reason for discounting lay testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). In addition, "[t]he fact that a medical opinion is from an 'acceptable medical source' [as listed in 20 C.F.R. § 404.1513(a)] is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source.'" SSR 06-03P, 2006 WL 2329939, *5 (Aug. 9, 2006).

Here, the ALJ considered Ms. Ammondson's findings and recommendations. Tr. 20. The ALJ's conclusion that Ms. Doney can perform light work, which involves lifting no more than 20 pounds at a time, 20 C.F.R. § 404.1567(b), is consistent with Ms. Ammondson's recommendation that Ms. Doney lift no more than 20 pounds. Tr. 264. The ALJ provided several reasons

for directing little weight to the other limitations recommended by Ms. Ammondson, namely that Ms. Ammondson's opinions were inconsistent with Ms. Doney's activities of daily living and the objective medical evidence, and that a therapist is not an "acceptable medical source" under the Social Security Administration's regulations. Tr. 20; *see* 20 C.F.R. §§ 404.1513, 416.913.

The ALJ's reasons for not accepting Ms. Ammondson's lay witness testimony were germane and proper. As noted above, inconsistency with the medical evidence constitutes a germane reason to discount lay witness testimony. *Bayliss*, 427 F.3d at 1218. Moreover, because Ms. Ammondson was not an "acceptable medical source," the ALJ was justified in giving her opinion less weight than an opinion from an "acceptable medical source." SSR 06-03P at *5. Thus, the ALJ did not improperly discredit Ms. Ammondson's findings and opinions.

**D.   The ALJ properly relied on a vocational expert's testimony that considered Ms. Doney's credible limitations.**

The ALJ concluded Ms. Doney was capable of performing past relevant work as a teacher based on the vocational expert's testimony. Tr. 23.

Ms. Doney argues the ALJ erred by relying on a vocational expert's testimony that did not take into account Dr. Mark Stoebe and Ms. Ammondson's opinions regarding limitations. Doc. 14 at 6, 12-13, 28. She contends the ALJ

should have relied on testimony based on a hypothetical that included additional limitations. Doc. 14 at 28-29.

The ALJ relied on testimony that addressed the limitations he believed Ms. Doney actually had. As discussed above, the ALJ's findings with respect to Ms. Doney's limitations are supported by substantial evidence and not based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ properly relied on response to hypothetical that "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record"). The ALJ did not err in relying on the vocational expert's responses to the hypothetical questions.

### E. The ALJ did not err in finding that Ms. Doney can perform light work.

Ms. Doney argues the ALJ erred in finding she could perform light work. Doc. 14 at 5-6, 12, 16, 28-29.

Light work is defined as:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . [A] job is in this category when it involves a good deal of walking or standing. . . . To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

A review of the record supports the ALJ's determination that Ms. Doney could perform light work. On December 28, 2009, Dr. Michael Dube believed Ms. Doney was capable of working and "released [her] to work with intermittent bending of the right knee" and occasional bending and squatting. Tr. 239, 246. In August 2010, Dr. Stoebe noted that "Ms. Doney can return to her time of injury job with light duty modifications. Ambulation, lifting and carrying activities can be limited, also she should avoid squatting and kneeling." Tr. 272. He also found that the claimant could perform a sit-to-stand transition and participate in the examination without significant alteration of gait and without an assistive device. Tr. 271.

Dr. William Fernandez completed a residual functional capacity assessment in June 2011, and determined Ms. Doney could lift and/or carry 20 pounds occasionally and ten pounds frequently; stand and/or walk about six hours in an eight-hour workday; sit for about six hours in an eight-hour workday; push and/or pull without limits within the weight restrictions; climb ramps and stairs occasionally; climb ladders, ropes, and scaffolds occasionally; balance frequently; bend at the waist frequently; kneel, crouch, and crawl occasionally; and should avoid extreme cold, vibrations, and hazards. Tr. 95-96. As noted by the ALJ, Ms. Doney was able to do some housekeeping, cooking, shopping, and driving. Tr. 18,

170-77, 198-206.

Because it would be reasonable to conclude on the basis of the evidence in the record that Ms. Doney could perform light work, substantial evidence supports the ALJ's conclusion.

**F.     The ALJ sufficiently developed the record regarding Ms. Doney's ability to perform her relevant past work**.

Ms. Doney argues the ALJ failed to fully develop the record concerning the physical and mental demands of her past work.  Doc. 14 at 7, 12.

At step four, a claimant has the burden of showing that she can no longer perform her past relevant work.  *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)); *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990)).  Although the claimant has the burden of proof, the ALJ must still make the requisite factual findings to support his conclusion.  *Pinto*, 249 F.3d at 844 (citing SSR 82-62).

Here, the ALJ found that Ms. Doney was able to perform her past work as actually and generally performed.  Tr. 23.  The ALJ properly relied upon the vocational expert's testimony that, according to the Dictionary of Occupational Titles, Ms. Doney would be capable of performing her past relevant work if the residual functional capacity was an accurate reflection of her functional abilities.  Tr. 23; *see Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995).  As

discussed above, the hypothetical questions that the ALJ posed to the vocational expert "assumed facts [and limitations that] could be supported by the record." *Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir. 1982). Therefore, the ALJ's determination that Ms. Doney could perform her past relevant work is supported by substantial evidence.

### G. The ALJ properly considered and addressed the medical evidence.

Ms. Doney argues the ALJ failed to provide a proper basis for rejecting the medical and lay opinions of "Dr. Tierney, therapist Ammondson, chiropractor Stoebe and Rhonda Doney." Doc. 14 at 26. She specifically argues the ALJ erred in stating he was giving great weight to Dr. Stoebe's opinion and then failing to include his light duty modifications in the residual functional capacity assessment. Doc. 14 at 4, 6-7, 12-13, 21-22, 26-27.

As discussed above, the ALJ did not err in its treatment of Dr. Tierney, Ms. Ammondson, and Ms. Doney's findings and opinions. Contrary to Ms. Doney's argument, the ALJ's finding that Ms. Doney could perform light work was consistent with Dr. Stoebe's limitations on lifting, carrying, standing, squatting, and kneeling. There are limitations on lifting, carrying, and standing inherent in the definition of light work, SSR 83-10 at *5, and the ALJ further limited Ms. Doney to occasional kneeling, crouching, and crawling. Tr. 17. The ALJ did not

fail to consider or improperly discount Dr. Stoebe's findings and opinions.

> **H. The ALJ did not err in finding that Ms. Doney had not met her burden of establishing a severe mental impairment.**

Though the ALJ concluded Ms. Doney had a medically determinable mental impairment of anxiety, he found it only minimally affected her ability to perform basic mental work activities and was therefore not a severe impairment. Tr. 15.

Ms. Doney argues the ALJ erred in failing to include anxiety as one of her impairments. Doc. 14 at 7-8, 13, 24.

The claimant bears the burden to establish the existence of "any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999) (citing *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 112 (1996)). The impairment must be severe and must make the claimant unable to do her past relevant work or any other substantial gainful work that exists in the national economy. 20 C.F.R. § 404.1505(a). A claimant's "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

At the hearing before the ALJ, Ms. Doney testified that entering a school

building makes her anxious, and that she no longer attends family members' basketball games because of injuries she sustained at school. Tr. 47-48. Dr. Paula Bronson, a clinical psychologist, reported Ms. Doney had panic attacks four times per week, but her concentration and memory were fine. Tr. 21, 347. Though Ms. Doney felt a little distracted and was irritable and angry, she denied feeling worried or suicidal. Tr. 21, 347. Ms. Doney was not diagnosed with a mental impairment, and the record indicates her anxiety improved with medication. Tr. 92. When Ms. Doney reported continued anxiety, her doctor discussed increasing her medication, but Ms. Doney declined to do so. Tr. 345.

Ms. Doney failed to meet her burden to establish anxiety as a severe impairment. The ALJ's finding that she did not have a severe impairment of anxiety was supported by substantial evidence and free of legal error.

> **I.** **Ms. Doney's conclusory assertion that her impairments satisfy the Listing of Impairments is insufficient to establish error by the ALJ.**

Ms. Doney argues the ALJ erred by ignoring medical evidence that Ms. Doney met the requirements of Listing 1.02. Doc. 14 at 3, 13, 24.

Ms. Doney has the burden of proving she has impairments that meet the criteria of the Listing of Impairments. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). She did not meet that burden. Ms. Doney simply states that the records

establish that she meets the requirements for Listing 1.02, and that the ALJ ignored the medical evidence. Doc. 14 at 3, 24. She does not explain which specific listing criteria she satisfies, and points to no evidence whatsoever to support her contention. By contrast, the ALJ considered the requirements of sections 1.02, 1.04, and 1.00(B)(2)(b) and compared the medical record to the specific requirements. Tr. 16-17. Based on his analysis, the ALJ found that Ms. Doney's impairments did not satisfy the criteria. Tr. 16-17. Ms. Doney's conclusory claims to the contrary do not establish a legal error by the ALJ and do not meet her burden of proving a qualifying impairment.

## VII. Conclusion

The ALJ's determination is supported by substantial evidence, and is not based on legal error. The ALJ must consider conflicting evidence and weigh credibility. He adequately explained his credibility decisions. The ALJ properly relied on the vocational expert's testimony and did not err in finding that Ms. Doney can perform light work. The ALJ sufficiently developed the record regarding Ms. Doney's ability to perform past work. Ms. Doney did not show that her anxiety impairment should have been considered "severe," or that her impairments satisfy the Listing of Impairments so as to automatically establish disability.

The Court FINDS:

1. The ALJ's determination is supported by substantial evidence.

2. The ALJ's determination is not based on legal error.

The Court RECOMMENDS:

1. Ms. Doney's Motion for Summary Judgment (Doc. 13) should be DENIED.

2. The Commissioner's Motion for Summary Judgment (Doc. 16) should be GRANTED.

3. The Clerk of Court should be directed to enter judgment in favor of CAROLYN W. COLVIN, Acting Commissioner of Social Security.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 21st day of October, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge