# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| RHONDA R. DONEY,<br><br>        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security,<br><br>        Defendant. | CV 14-01-GF-BMM<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff Rhonda R. Doney (Doney) initiated this action to obtain judicial review of the final decision of the Acting Commissioner of Social Security (Commisioner), denying her application for disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.

## JURISDICTION

The Court has jurisdiction under 42 U.S.C. § 405(g). Venue is proper because Doney resides in Blaine County, Montana. 28 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3).

## **PROCEDURAL BACKGROUND**

Doney applied for Social Security disability benefits on November 2, 2010, alleging a disability onset date of September 24, 2009. (Tr. 147-148). The Social Security Administration denied her claim on April 6, 2011. (Tr. 99-101). Doney requested reconsideration. (Tr. 102). Reconsideration was denied on June 10, 2011, following an independent review by a physician and a disability examiner. (Tr. 104-105).

Doney requested a hearing with an Administrative Law Judge (ALJ). (Tr. 109-110). The ALJ held a hearing on July 12, 2012. (Tr. 28-73). The ALJ determined that Doney did not qualify for disability benefits because she was capable of performing her prior work as a teacher, despite her impairments. (Tr. 13-23). Doney appealed to the Social Security Administration Appeals Council (Council). (Tr. 9). The Council denied review on November 25, 2013. The Council's denial made the ALJ's decision the Commissioner's final decision for purposes of judicial review. (Tr. 3-5; 20 C.F.R. § 416.1481).

Doney instituted the present action on January 9, 2014. The Court referred the case to United States Magistrate Judge Keith Strong for findings and recommendations. Judge Strong entered his findings and recommendation on October 21, 2014. He recommended that the Commissioner's motion for summary

judgment be granted, and that Doney's motion for summary judgment be denied. (Doc. 19). Doney timely filed objections on October 29, 2014. (Doc. 20).

## STANDARD OF REVIEW

The Court reviews de novo findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error all other findings and recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## DISCUSSION

Judge Strong concluded that the ALJ's determination should be affirmed because it was supported by substantial evidence and was not based on legal error. (Doc. 19 at 19). Doney claims that Judge Strong's findings should be rejected because the ALJ made numerous legal errors: 1) the ALJ discounted her testimony regarding her limitations without adequate explanation; 2) the ALJ discounted the findings and opinions of her treating physician, Dr. Gregory Tierney, without adequate explanation; 3) the ALJ discounted the findings and opinions of her occupational therapist, Deb Ammondson, without adequate explanation; 4) the ALJ failed to include limitations described by Ms. Ammondson in a hypothetical question posed to the vocational consultant; 5) the ALJ failed to develop adequately the record regarding her ability to perform past work; 6) the ALJ failed

to find that her anxiety constituted a severe impairment; and 7) the ALJ failed to find that her impairments satisfied the Listing of Impairments.

### A. Plaintiff's Testimony Regarding Her Limitations

Doney claims the ALJ failed to explain adequately why he found her testimony regarding her limitations to be lacking in credibility. (Doc. 20 at 2-8). An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991).

The ALJ adequately explained why he discounted Doney's testimony regarding her limitations. The ALJ stated that Doney's testimony was inconsistent with the conservative medical treatment on her knee. The medical treatment did not involve surgery. (Tr. 22). The ALJ further noted that Doney's testimony was inconsistent with her daily activities such as housework, driving, personal care, preparing meals, washing clothes, sweeping and sewing. The ALJ concluded that Doney's testimony was not supported by the medical evidence. *Id*. No legal error occurred.

### B. Opinion of Dr. Tierney

Dr. Tierney issued a progress note on May 12, 2010, in which he stated that Doney should have a functional capacity evaluation to assess her ability to work:

4

> Rhonda returns for followup for her right patella fracture. I have not seen her for a protracted period of time. She is eight months out now. She says it still hurts her when she stands. It still hurts if she tries to bend. I think at this point she just needs a functional capacity evaluation to see what she will be able to do and not do. Then we can rate her out and move her into either an accommodated job or retraining.

(Tr. 253). Doney claims that the ALJ erroneously rejected the stated opinion of Dr. Tierney without providing an adequate explanation. (Doc. 20 at 8-13).

The ALJ did not reject Dr. Tierney's opinion. The ALJ assessed Doney's functional capacity himself. The ALJ found that Doney had limitations with respect to her ability to bend her knees and her ability to stand for prolonged periods. The ALJ further determined, however, that those limitations did not preclude Doney from working as a teacher. (Tr. 17-23). No legal error occurred.

**C.     Findings and Opinions of Deb Ammondson**

Doney claims that the ALJ failed to explain adequately why he discounted certain limitations recommended by her occupational therapist, Deb Ammondson. (Doc. 20 at 13-16). Ms. Ammondson is a lay witness.

An ALJ may discount the opinions of a lay witness so long as he provides "reasons that are germane" to the witness. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). Inconsistency with the medical evidence constitutes a germane reason to discount lay witness testimony. *Bayliss v. Barnhart,* 427 F.3d 1211,

1218 (9th Cir. 2005). The ALJ explained that some of Ammondson's opinions regarding Doney's limitations were inconsistent with Doney's daily living activities, and were contrary to the objective medical evidence. (Tr. 20). The ALJ provided germane and proper reasons to discount Ammondson's lay witness testimony. No legal error occurred.

### D. Hypothetical Question Posed to Vocational Expert

Doney claims the ALJ erred when he presented a hypothetical question to the vocational expert that did not include certain limitations described by Ammondson. (Doc. 20 at 16-18).

The hypothetical question presented by the ALJ contained all of the limitations that the ALJ found to be credible and supported by substantial evidence. No more is required. *Bayliss*, 427 F.3d at 1218 (ALJ may limit hypothetical to limitations supported by substantial evidence). No legal error occurred.

### E. Plaintiff's Ability to Perform Past Work

Doney claims the ALJ failed to explain adequately his finding that Doney could perform her past work as a school teacher. (Doc. 20 at 19-21).

The ALJ determined that Doney could perform her past work as a school teacher based upon the testimony of the vocational expert. The vocational expert

testified that Doney's residual functional capacity did not preclude her from performing her past work as a school teacher. (Tr. 23). Substantial evidence supports the ALJ's determination that Doney could work as a school teacher. No legal error occurred.

### F. Plaintiff's Anxiety

Doney claims that the ALJ erred when he failed to find that her anxiety amounted to a severe impairment. (Doc. 20 at 21-23).

A severe impairment significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521(a); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The ALJ concluded that Doney's anxiety did not constitute a sever impairment because the anxiety did not cause more than a minimal limitation on her ability to perform basic work activities. (Tr. 15). The ALJ considered the four functional areas described in the disability regulations for evaluating mental disorders: daily living; social functioning; concentration, persistence and pace; and episodes of decompensation. *Id*. Substantial evidence supported the ALJ's determination. No legal error occurred.

### G. Listing of Impairments

Doney claims the ALJ erred when he failed to find that her right knee impairment equaled the severity of Listing 1.02 of the Listing of Impairments. (Doc. 20 at 23).

Doney possessed the burden to prove that her knee impairment satisfied the criteria of Listing 1.02. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Doney failed to meet that burden. The ALJ reviewed the medical evidence and properly concluded that Doney's impairment did not equal the severity of Listing 1.02. (Tr. 16-17).

## **CONCLUSION**

The Court agrees with Judge Strong that substantial evidence supports the ALJ's determination, and it is not based on legal error. I find no error in Judge Strong's Findings and Recommendations and adopt them in full.

## **ORDER**

1. Plaintiff's Motion for Summary Judgment (Doc. 13) is DENIED.

2. Defendant's Motion for Summary Judgment (Doc. 16) is GRANTED.

3. This case is DISMISSED with prejudice.

4. The Clerk is directed to enter judgment accordingly.

DATED this 6th day of January, 2015.

_____
Brian Morris
United States District Court Judge